J. T. BRACKENRIDGE v. THE CITY OF SAN ANTONIO.

A purchaser of real estate, pending suit to subject the property to the satisfaction of a vendor's lien, acquires no title as against the plaintiff's lien for unpaid purchase money, though the plaintiff may have been guilty of laches, after the institution of suit, in taking proper steps to procure a judgment enforcing his lien.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

On the ninth of March, 1868, a judgment by default was rendered against one Deckman, in favor of the city of San Antonio. The petition of the city claimed a vendor's lien on certain property, and the charge of the court submitted that claim to the jury. The jury not having

found affirmatively as to the lien, the judgment was for money only, and not according to the prayer of the petition.

The counsel for the city moved for a new trial, and to set aside the verdict. The motion was sustained, and cause reinstated April 2, 1868, "upon the payment of costs by the city."

March 10, 1869, Deckman moved to annul the order granting a new trial and reinstating the case, which was sustained.

December 1, 1870, counsel for the city of San Antonio moved to set the preceding order, and reinstate the case. The motion was overruled. On appeal, the judgment below was reversed, and the case reinstated.

The only new element in the case since it was before this court was the introduction of other parties, viz., Brackenridge and wife, who claimed to be innocent purchasers, without notice.

In December, 1869, a conveyance was made by Deckman, through Green, to M. M. Seay, to the land, upon which a lien was claimed, to satisfy the judgment above referred to, and E. M. Brackenridge became purchaser of it in December, 1870.

At the June term, 1872, judgment was rendered in favor of the city of San Antonio, for $409.60, and decreeing that the land be sold to satisfy the vendor's lien.

*Walton & Green*, for appellant.—If the judgment stands, of the Spring term, 1868, an execution being issued within a year, it has lost its lien as a personal judgment. If it stands as a judgment of the tenth of March, 1869, it has lost its lien for the same reason, and a period of twenty months having elapsed without any effort on the part of the plaintiff to change or improve the character of his judgment, without any steps taken to preserve

his judgment lien, and for all this time acquiescing in the order of tenth of March, 1869, it is respectfully insisted that rights acquired after such laches on the part of plaintiff, by third parties, even if they had full notice of everything on the record of this case, should be protected against the lien set up, their express lien being waived in the first place, and the judgment lien lost by their negligence in the next.

The question in the case of Cook v. Lane (33 Texas, 489), is closely analogous to the one in this. The principle there announced throws, it is believed, ample protection around our title against the asserted lien.

With the judgment against Deckman we have nothing to do ; we only ask that the part of it enforcing the mortgage and vendor's lien, and ordering sale of the property, be reversed, and, *quo ad hoc*, that the cause be dismissed.

*W. B. Leigh*, for appellee.

WALKER, J.—The city of San Antonio obtained judgment against Deckman. The judgment followed the verdict, in which there was no finding as to any lien. Following this there was some rather confused practice which brought the case to this court, whence it was remanded to the District Court. It now comes to us again on an appeal taken by Brackenridge and wife, who claimed to be innocent purchasers, without notice. They purchased the lot *pendente lite*, and we do not think the city had lost its lien. The lien was for purchase money, and considering that the city has been making efforts to secure that lien throughout the proceedings, there is no fact from which we can infer an abandonment thereof. The judgment of the District Court is affirmed without damages.

AFFIRMED.